## MATTER OF GARVEY

### In DEPORTATION Proceedings

### A-12317960

### *Decided by Board May 13 1964*

A nonimmigrant student who pursued a full course of study but accepted part-time employment without having applied for permission to do so as required by applicable regulations (8 CFR 214.2(f)) has violated her nonimmigrant status and is deportable under section 241(a)(9), Immigration and Nationality Act.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—After admission as nonimmigrant and subsequent change to another nonimmigrant status under section 248 of the Act, failed to comply with the conditions of changed status.

The case presents an appeal from an order entered by the special inquiry officer on March 9, 1964, granting the respondent's request that she be permitted to depart voluntarily from the United States, in lieu of deportation, and directing that if she fails to depart when and as required she be deported from the United States to Jamaica, British West Indies, on the charge set forth in the order to show cause. The respondent, a 34-year-old female, native and citizen of Jamaica, has resided continuously in the United States since her admission at New York, New York, on or about May 26, 1960, as a nonimmigrant visitor for pleasure. The respondent's status was changed from that of a nonimmigrant visitor for pleasure to that of a nonimmigrant student and she was authorized to remain in the United States in the latter status until March 22, 1964. Deportion proceedings were instituted against the respondent on March 2, 1964.

A hearing in deportation proceedings was held at New York, New York, on March 9, 1964, at which time the respondent and counsel who represented her at the deportation hearing admitted the truth of the several factual allegations set forth in the order to show cause and conceded deportability on the charge stated therein. When the respondent was asked if she had been gainfully employed, without permission from the United States Immigration and Naturalization

Service, as a domestic in New York City from the summer of 1963 until December 1963, she replied, "Yes." The respondent's present counsel by brief and in oral argument on appeal urged that her status as a nonimmigrant student be reinstated and the proceedings terminated inasmuch as she has regularly attended and still attends the Academy of Designing in New York, New York, where she is pursuing a full course of study in dress design. Counsel argued that she has not violated the terms of her nonimmgrant student status and, as a consequence thereof, she is not subject to deportation on the charge set forth in the order to show cause, notwithstanding her admission that she was gainfully employed as a domestic in New York City without permission of the Service from the summer of 1963 until December 1963.

Counsel contends that the respondent's acceptance of part-time employment, dring a period of temporary financial need, did not violate the conditions of her nonimmigrant student status so long as she continued to pursue a full-time course of study at a school approved by the Attorney General. Counsel stated that the Immigration and Nationality Act is completely silent with respect to a restriction upon the part-time employment of nonimmigrant students; that neither section 101(a)(15)(F), which defines the status of a nonimmigrant student, nor section 248 of the Act, which authorizes the change of a nonimmigrant status, specifically restricts the acceptance of part-time employment by a nonimmigrant. According to counsel the only requirements for maintenance of student status is the maintenance of a residence in a foreign country which the student has no intention of abandoning and a *bona fide* intention of the student to pursue a full course of study at an established institution of learning approved by the Attorney General.

The aforementioned arguments of counsel are without merit. Section 214 of the Immigration and Nationality Act, as amended, states that "the admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the *Attorney General may by regulations prescribe*, * * * to insure that at the expiration of such time or upon failure to maintain the status under which he was admitted, or to maintain any status subsequently acquired under section 248 of the Act, such alien will depart from the United States." (Emphasis supplied.)

Section 248 of the Immigration and Nationality Act, as amended, provides "the Attorney General may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is con-

tinuing to maintain that status, * * *." Part 248.2, 8 CFR, states that "application for a change of nonimmigrant classification shall be made on Form I-506. If the application is granted, the alien's non-immigrant status under such reclassification shall be subject to the terms and conditions applicable generally to such classification and to such other additional terms and conditions, * * *." 8 CFR 214.2(f) among other things provides that a student shall apply for permission to accept employment on Form I-538 and may be granted or denied without appeal by an officer in charge of a suboffice or a district director. There is nothing in this record to show nor has any claim been made by the respondent or counsel who represented her at the deportation hearing or by counsel who is now representing her that she, the respondent, complied with the provisions of Part 214.2(f), 8 CFR, *supra*, which required her to make application for permission to accept employment on Form I-538. The respondent never applied to the Service for permission to accept employment of any kind. The applicable regulations require that the respondent be subject to the terms and conditions applicable generally to her changed status as a nonimmigrant student. The record clearly establishes that the respondent failed to comply with the conditions of her changed status, in that, she did not apply to the Immigration and Naturalization Service for permission to accept employment as required by the applicable regulations (8 CFR 214.2(f)). Hence, she is subject to deportation on the charge set forth in the order to show cause.

After carefully considering all the evidence of record, together with counsel's representations on appeal, we find nothing therein that warrants any change being made in the decision of the special inquiry officer who has accorded the respondent the privilege of voluntary departure, which is the maximum discretionary relief available to her. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the appeal be dismissed.